## MILAN STEAM MILLS v. HICKEY.

Equity will enjoin the wrongful liberating of logs confined by a boom in the river, where the wrong-doer is insolvent, and threatens or intends to repeat the wrongful acts.

BILL IN EQUITY, alleging that the plaintiffs, owning a saw-mill on the Ammonoosuc river, had a large quantity of logs held by a boom in the river above the mill. The defendant, having logs further up the river, run them down, and they became mingled with the plaintiffs' logs. The plaintiffs, being agents of a corporation chartered to improve the river, had the right to detain the defendant's logs until he paid the toll on them. Without right or license, the defendant opened the plaintiffs' boom, and, along with his own logs, took a large number of the plaintiffs' logs, and suffered them to go down the river, and they were lost. The defendant is insolvent. The plaintiffs fear, from the threats of the defendant, a repetition of the acts, and seek an injunction and general relief. Demurrer.

*Ray, Drew & Jordan*, for the plaintiffs.

*Ladd & Fletcher*, for the defendant.

ALLEN, J. If the plaintiffs lost their logs through the wrongful acts of the defendant, they are entitled to an adequate remedy. The defendant being insolvent, a suit at law would not afford relief, but would leave them to suffer irreparable injury, and the threatening purpose of the defendant would expose them to a constant recurrence of the mischief. To prevent irreparable injury, and give the plaintiffs an adequate remedy, equity will afford relief by enjoining the wrongful acts— *Winnipiseogee Lake Co.* v. *Worster*, 29 N. H. 443, 449, and cases cited ; *Webber* v. *Gage*, 39 N. H. 182—and, as incident to the relief by injunction, will consider and adjust the question of damages. *Bassett* v. *Salisbury Manf. Co.*, 43 N. H. 249.

*Demurrer overruled.*

DOE, C. J., did not sit: the others concurred.