Hillsborough, }
  June, 1899. }

## AMOSKEAG MANUFACTURING CO. v. SHIRLEY.

It is a good defence to an attachment for contempt, in violating an injunction against the removal of flashboards from a dam, that the boards in question were materially different as to height and means of support from those described in the restraining order.

PETITION, for attachment for contempt in violating the injunction issued at the September term, 1898, in which this defendant, his aiders and abettors, were forever " restrained from removing any two-feet flashboards or any three-feet flashboards which are now upon said dam, or which may hereafter be placed upon said dam in accordance with the conditions and requirements of the two aforesaid deeds." One of the deeds referred to was given in 1875, and thereby the plaintiffs acquired the right to put flashboards upon their dam of the height of two feet for the whole year, and to support them by iron pins " not nearer than four feet from each other." The other deed was given in 1887, and thereby the plaintiffs acquired the additional right to maintain flashboards one foot higher, or of the height of three feet, for nine months in the year, February being one of those months. The removal of the flashboards in February, 1899, was admitted, and two defences were offered: (1) The pins which held the boards were nearer together than allowed in the deed of 1875 ; (2) the boards were more than three feet in height. The court ruled, pro forma, that neither would constitute a defence, and the defendant excepted.

*David Cross*, for the plaintiffs.

*George W. Prescott*, for the defendant.

WALLACE, J. The injunction prohibited the defendant from removing from the plaintiffs' dam any flashboards which might be " on said dam in accordance with the conditions and requirements " of the deeds by which the plaintiffs obtained their rights to maintain the flashboards. The defendant admits that he removed the flashboards that were upon the dam in February, 1899, but claims that in so doing he did not violate the order of the court, because the boards which he removed were materially different from those the deeds permitted the plaintiffs to maintain on their dam, and because the terms of the injunction did not prohibit him from removing that kind of boards. Each of the two defences which he offered to present in support

of this contention, that (1) "the pins which held the boards were nearer together than allowed in the deed of 1875," and (2) "the boards were more than three feet in height," were sufficient and should not have been excluded. On the question whether he violated the injunction, which is the only one presented, it was essential to determine whether the boards displaced were such as the court commanded him not to remove. Whether they were the same or different is a question of fact that should have been determined at the trial term. Upon that issue both the propositions of the defendant were material, and he should have been permitted to present them.

The claim of the plaintiffs that the defendant had no right to prostrate the flashboards, even if the injunction did not prohibit him from so doing, because the common-law right of abating a flowage nuisance is taken away by our flowage laws, has no bearing on the only question to be determined here of whether or not the defendant has violated the injunction. Therefore, whether the right of abatement in such cases has been taken away by our flowage laws has not been decided or considered. Nor has the question, whether the restriction as to the pins applies to the additional flashboards which the plaintiffs obtained the right to maintain under the deed of 1887, been decided or considered. It does not appear, from the facts disclosed, that the offer of defence, that " the pins which held the boards were nearer together than allowed in the deed of 1875," applied to any but the two-feet flashboards which that deed gave the right to maintain.

*Exceptions sustained.*

CHASE and PEASLEE, JJ., did not sit : the others concurred.