Hillsborough, }
　Dec., 1900. }

AMOSKEAG MANUFACTURING CO. *v.* SHIRLEY *&* *a.*

Where a manufacturing corporation purchases the right to maintain for purposes of flowage flashboards supported by pins not less than four feet apart, and subsequently acquires from the same grantor the privilege of maintaining the boards at an increased height, by a deed in which no reference is made to the earlier restrictions, the grantee may use such reasonable means of support as will render the additional right effective.

BILL IN EQUITY, praying for an injunction to restrain the defendants from removing flashboards from the plaintiffs' dam. Facts found by a referee.

January 11, 1875, the defendants conveyed to the plaintiffs "the right and privilege to build, erect, and maintain its stone dam to the height it is now constructed . . . and the right to place flashboards thereon to any height above the present top of said stone

dam, not exceeding two feet; such flashboards to be not exceeding one inch and a half in thickness, supported against iron pins not exceeding one and one half inches in diameter, standing in holes drilled in the dam not nearer than four feet from each other; and the right and privilege to raise the water of said river and to flow a certain tract of land situate in Hooksett." After this conveyance, until November, 1887, the plaintiffs maintained flashboards upon the dam two feet in width, supported by pins four feet apart, during the spring months. December 26, 1887, the defendants, in consideration of $1,000, by deed containing full covenants of warranty, conveyed to the plaintiffs " the right and privilege to put and maintain upon its stone dam, as now constructed, . . . flashboards of the width and height of three feet above the top of said dam, being one foot in width and height above and in addition to the flashboards which said Amoskeag Manufacturing Company has heretofore had the right to maintain on said dam,—such flashboards not to be renewed, replaced, or repaired during the months of March, April, and May in each year."

Since November, 1887, during the nine months in each year provided for in the deed, flashboards three feet wide, supported by pins one and one half inches in diameter and varying from sixteen inches to two feet apart, have been maintained. When the water rises to a certain height, the pressure against the flashboards causes the pins to bend and the boards are carried away. If the pins were four feet apart, the flashboards would be carried away every night in ordinary stages of water, and at least once a week in the dryest times, and would be useless. Boards of this height supported by pins placed at the distances at which they have been maintained since November, 1887, and boards of two feet in height supported by pins four feet apart, are carried off when the water rises to substantially the same height above their tops. The only reasonable way of maintaining three-foot flashboards upon the dam is the way they have been maintained since November, 1887. The plaintiffs own large mills below the dam, in which many thousand people are employed. The defendants have twice unlawfully removed the flashboards. They now threaten to remove them because the three-foot flashboards are supported by pins less than four feet apart.

*David Cross* and *Frank S. Streeter*, for the plaintiffs.

*George W. Prescott* and *John Kivel*, for the defendants.

PIKE, J. The questions arising in this case depend upon the construction of the deed of 1887. The defendants claim that it is implied that the method of securing the three-foot flashboards is

limited to the manner provided for securing the two-foot flashboards set forth in the deed of 1875,— that is, by pins four feet apart.

The deed grants a right to place and maintain flashboards upon the dam, nine months of the year, one foot higher than was granted in 1875. No restrictions as to the way of securing them are specified, nor is any reference made to the restrictions in the earlier deed. Although the right to place and maintain the boards was all that was expressly granted, whatever is reasonably necessary for the plaintiffs' enjoyment of the right passes to them by operation of law. *Cochecho Mfy. Co.* v. *Whittier,* 10 N. H. 305, 313. They may secure them in any way that will cause them to withstand the pressure of the water, provided the way adopted is reasonable. It appears that the way by which the boards are now secured, and have been since 1887, is the only reasonable way of maintaining flashboards of that width.

The claim that supporting the flashboards by pins less than four feet apart violates the condition of the deed of 1875 is not well founded. For some two months prior to the execution of the deed of 1887, the plaintiffs supported the flashboards by pins the same distance apart as now, and it is highly probable that the defendants were aware of this fact. There can be but little doubt that both the plaintiffs and defendants understood that the pins must be set thus near together to be reasonably effective for the purpose designed. It is not reasonable to suppose that the plaintiffs were paying and the defendants receiving $1,000 for a right which was useless. The evident intention of the parties was to modify the conditions of the former deed to the extent required to render the three-foot flashboards effective. To carry out this intention, the defendants conveyed, with full covenants of warranty, the right to place and maintain the three-foot flashboards, absolutely and without condition. As was said in *Amoskeag Mfg. Co.* v. *Shirley,* 69 N. H. 269, 270, respecting these conveyances : " There was no exchange of rights between the parties by the second deed. Its obvious purpose was to give the plaintiffs an additional right, and no other effect can be given to it consistent with elementary rules of construction."

At the September term, 1898, the defendants were forever enjoined from removing any of the flashboards then upon the dam, or which might be placed upon it, in accordance with the conditions and requirements of the deed of 1887. *Amoskeag Mfg. Co.* v. *Shirley,* 69 N. H. 638. It is understood that this injunction is still in force. If it has been violated or shall be violated, the defendants may be called upon to answer an attachment for contempt. The circumstances of the case do not call for a more extended restraining order at this time.

*Case discharged.*

CHASE, J., did not sit : the others concurred.